# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| S.C., as Parent and Next Friend of A.J., a Minor, <br><br>                Plaintiffs, <br><br>v. <br><br>LANSING UNIFIED SCHOOL DISTRICT #469, <br>Serve: Dr. Darrel Stufflebeam <br>       200 E. Mary Street <br>       Lansing, KS 66043 <br><br>and <br><br>DR. DARREL STUFFLEBEAM, in his individual capacity, <br>Serve at: 200 E. Mary Street <br>        Lansing, KS 66043 <br><br>and <br><br>STEVE DIKE, in his individual capacity, <br>Serve at: 200 E. Mary Street <br>        Lansing, KS 66043 <br><br>and <br><br>JACOB BAKER, in his individual capacity, <br>Serve at: 200 E. Mary Street <br>        Lansing, KS 66043 <br><br>                Defendants. | Case No. <br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff A.J., by and through the undersigned counsel, states and alleges as follows for her Complaint for Damages against the above-named Defendants:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, A.J., is, and at all time relevant to the allegations in this Complaint, a minor resident of Leavenworth County, Kansas.

2. Plaintiff A.J., a minor female student, attended high school at Lansing High School in the Lansing Unified School District #469, at the time she was injured as alleged herein.

3. Plaintiff S.C. is the natural Mother, guardian and next friend of A.J.

4. Plaintiff S.C. is, and at all times relevant to the allegations in this Complaint, was an adult resident of Leavenworth County, Kansas.

5. As such, S.C. is the appropriate party to be appointed by the Court as Next Friend of A.J. for the purposes of pursuing the following causes of action against the above-named Defendants.

6. The use of Plaintiffs' initials in pleadings is requested and appropriate to protect the privacy and identity of minor Plaintiff A.J., particularly in light of the sensitive nature of the allegations set forth herein. Plaintiffs' anonymity in the pleadings will not prejudice Defendants in any way.

7. Defendant Lansing Unified School District #469 is a public-school district organized under the laws and regulations of the State of Kansas, as well as the Kansas Board of Education.

8. Defendant Lansing Unified School District #469 receives federal financial assistance.

9. Defendant Lansing Unified School District #469 is an accredited school district in Kansas, with its District Office located at 200 E. Mary Street, Lansing, Kansas 66043.

10. Defendant Dr. Darrel Stufflebeam is a resident of the State of Kansas who was at all relevant times herein the Superintendent of the Lansing Unified School District.

11. Defendant Steve Dike is a resident of the State of Kansas who was, at all relevant times herein, the Principal of Lansing High School.

12. Defendant Jacob Baker is a resident of the State of Kansas who was, at all relevant times herein, a teacher at Lansing High School.

13. Plaintiff alleges that each of the Defendants performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, proximately caused the damages averred below, and are liable to Plaintiff for the damages and other relief sought. The precise nature and extent of each of the Defendants' involvement and participation is expected to be exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

14. Jurisdiction of this Court is proper under 28 U.S.C. § 1331 as Plaintiff asserts claims under 20 U.S.C. § 1681 (Title IX) and 42 U.S.C. § 1983.

15. This Court has jurisdiction over the matter because Defendants' acts and omissions alleged herein occurred in Lansing, Kansas.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

17. In the 2017-2018 school year, Plaintiff A.J. was enrolled as a Junior at Lansing High School.

18. In the Fall of 2017, Plaintiff A.J.'s chemistry teacher was Defendant Baker.

19. Beginning in approximately September of 2017, Plaintiff was subjected to ongoing sexually harassing comments from Defendant Baker during class.

3

20. On or about September 6, 2017, Plaintiff was in Defendant Baker's class when she and a male friend were having a joking, light-hearted conversation about the male classmate becoming pregnant.

21. Defendant Baker injected himself into the conversation to declare that he "wasn't betting on [Plaintiff's male friend] to be the one getting pregnant this year."

22. Upon information and belief, Defendant Baker was insinuating that Plaintiff A.J. would get pregnant during the school year.

23. In approximately the third week of November 2017, Plaintiff was in Defendant Baker's class and bouncing on a yoga ball available to the students.

24. While Plaintiff was bouncing on the ball, Defendant Baker told Plaintiff, "You're a little too good at that."

25. Defendant Baker made this comment during class, and it was heard by multiple other students.

26. Male students in the class laughed at Defendant Baker's comment and proceeded to make their own sexually inappropriate jokes about Plaintiff.

27. Defendant Baker witnessed Plaintiff being sexually harassed by her male classmates, but nonetheless failed to intervene.

28. On or about November 29, 2017, Plaintiff was seated at her desk located at the front of Defendant Baker's classroom, and in close proximity to Defendant Baker's desk.

29. Defendant Baker initiated a series of questions about Plaintiff's ex-boyfriend, and ultimately informed Plaintiff that he did not like Plaintiff's ex-boyfriend.

30. Plaintiff responded that she did not like her ex-boyfriend either.

31. Defendant Baker then told Plaintiff A.J. that if she dated her ex-boyfriend even though she did not like him, her ex-boyfriend "must have been good at laying the pipe."

32. On or about December 1, 2017, Plaintiff's mother, S.C., called Defendant Dike to report the sexually harassing comments made by Defendant Baker toward Plaintiff.

33. On or about December 4, 2017, Plaintiff A.J. and S.C. met with Defendant Dike, as well as the Assistant Principle to further discuss Defendant Baker's repeated sexual harassment of A.J.

34. During the meeting, Defendant Dike said he would remove Plaintiff A.J. from Defendant Baker's chemistry class pending the outcome of an investigation.

35. During the investigation, Defendant Baker admitted to saying the sexually harassing comments to Plaintiff.

36. On or about December 8, 2017, S.C. met with the Superintendent, Defendant Stufflebeam, to further discuss the sexual harassment of Plaintiff A.J. by Defendant Baker.

37. Upon information and belief, Defendant Baker was placed on paid suspension on or about December 8, 2017, just two days before school let out for the holiday break.

38. When classes resumed on or about January 4, 2018, Defendant Baker also returned to school.

39. Plaintiff is forced to see Defendant Baker at school and on school premises, multiple times per week.

40. On or about April 25, 2018, Plaintiff A.J. informed her mother S.C. that she was being assigned to Defendant Baker's homeroom class—despite their previous complaints of sexual harassment.

41. S.C. again complained to the School and had to request that A.J. not be in Defendant Baker's homeroom class due to the previous sexual harassment.

42. The School assigned A.J. to a different homeroom class, but upon information and belief, Defendant Baker has not received any further discipline and is still entrusted with the supervision of other minor female students.

43. The thought of being assigned to Defendant Baker's homeroom class caused A.J. further emotional distress, including but not limited to fear of attending school and anxiety.

44. The comments by Defendant Baker were made on school property, on school grounds, during school hours, and in the presence of other students in the chemistry class.

45. Upon information and belief, in addition to Plaintiff A.J., Defendant Baker has previously made sexual harassing comments toward at least four (4) other female students.

46. To date, Defendants have not offered counseling or any other type of mental health services to Plaintiff.

47. As a result of the sexual harassment Plaintiff experienced, and Defendants' failure to prevent the sexual harassment and otherwise take appropriate remedial actions to address the Defendant Baker's conduct and assist Plaintiff, Plaintiff's academic performance has suffered, and Plaintiff has suffered emotional distress.

48. Due to the Defendants' acts and omissions, and in particular the omissions by Defendants Stufflebeam and Dike who had actual and/or constructive knowledge of Defendant Baker's prior incidents occurring in their school and yet allowed Defendant Baker to remain in school and injure Plaintiff causing emotional distress.

49. Defendants Stufflebeam and Dike failed to take steps to prevent or address the harm to Plaintiff, including but not limited to, fully investigating complaints of the Defendant

Baker's similar contacts with other female students; preventing the Defendant Baker from sexually harassing additional students, including Plaintiff, by removing him from the school and/or eliminating his contact with minor female students; educating faculty and students about District policies and procedures to prevent and address sexual harassment, such as the District's anti-harassment policies; training faculty and students to prevent sexual harassments and unwanted contacts by and between students and district employees in the future; and failing to take seriously, and investigate, address, and remedy allegations of unwelcome sexual harassment by District employees, despite actual and/or constructive knowledge that sexual harassment was occurring by and between students and District employees.

50. Based on information and belief, Defendant District has policies and procedures in place to prevent and remedy sexual harassment suffered by all students, and must take appropriate action to prevent and remedy such harms.

51. In violation of the District's own policies, and upon information and belief, despite prior complaints of inappropriate and/or unwelcome contacts by the Defendant Baker, Defendant District and its officials and employees, including but not limited to Defendant Stufflebeam, Defendant Dike, and Defendant Baker, failed to prevent and remedy the sex discrimination/harassment generally within its District, and ultimately that Plaintiff endured.

52. The actions and omissions by Defendants as alleged herein were committed with deliberate indifference towards the well-being and rights of Plaintiff.

53. Defendants failed to adhere to the District's policies with respect to appropriately disciplining Defendant Baker for his pattern of sexually harassing minor female students, and effectively preventing and remedying the sexual harassment that Plaintiff suffered.

54. The Defendants have wholly failed to ensure that Plaintiff is in a learning environment free from intimidation, harassment, humiliation, gender bias, and other discriminatory and bullying behaviors, because the Defendants had actual and/or constructive knowledge of sexual misconduct occurring within the District, and failed to take appropriate and effective remedial actions to address such conduct and prevent additional and further harm to other students, including Plaintiff.

55. After a reasonable opportunity for further investigation and discovery, Plaintiff will likely discover additional evidentiary support to establish that Defendants knew or should have known that sexual misconduct, including the harassment Plaintiff suffered, was reasonably foreseeable by employees within the District, and failed to take appropriate measures to prevent such harm.

56. After a reasonable opportunity for further investigation and discovery, Plaintiff will likely discover additional evidentiary support for the actual knowledge each of the Individual Defendants, relevant to Plaintiff's claims alleged herein.

57. As a result of Defendants' acts and omissions alleged herein, including but not limited to Defendants' failure to properly investigate, address, and remedy prior allegations of the Defendant Baker's prior unwelcome harassment of female students; and failure to Plaintiff's complaints of sexual harassment by Defendant Baker seriously, Defendants failed to appropriately address Defendant Baker's misconduct, and Defendants failed to appropriately prevent further sexual harassment within its District including the sexual harassment of Plaintiff here, and as such, Plaintiff A.J. has experienced humiliation, fear, anxiety, and other emotional distress.

## COUNT I
## Violation of Title IX, 20 U.S.C. § 1681, *et seq.*
## (Against Defendant District)

58. Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

59. Defendant District receives federal financial assistance during all relevant times mentioned herein.

60. Plaintiff was subjected to humiliating and demeaning sexually harassing comments by Defendant Baker, based on Plaintiff's sex and gender, as alleged herein.

61. The conduct was so severe, pervasive, and objectively offensive—particularly in light of the fact that, upon information and belief, the Defendant Baker had engaged in prior instances of unwelcome sexual harassment of multiple other female students—that Defendant Baker's conduct, and Defendant District's failure to respond effectively to the prior allegations so as to allow Defendant Baker to harm Plaintiff A.J., deprived Plaintiff of access to benefits and opportunities provided by Defendant District.

62. Upon information and belief, school officials with authority to take corrective measures had actual knowledge of the actions and conduct of Defendant Baker, including prior allegations of unwanted sexual harassment by Defendant Baker of at least four (4) other female students.

63. Upon information and belief, despite having knowledge of the pattern of Defendant Baker's harassing and discriminatory conduct directed toward female students on the basis of their female sex and gender, Defendants failed to take appropriate corrective measures to prevent further harm, including the sexual harassment of Plaintiff.

64. Defendant District acted with deliberate indifference to known acts of harassment and discrimination on the basis of sex toward other female students, and by failing to address and remedy such discriminatory conduct, Defendant District ultimately fostered an environment in which Defendant Baker's misconduct seemed tolerable, and enabling him to sexually harass Plaintiff A.J.

65. Defendant District's acts and omissions, constitutes discrimination against and indifference to Plaintiff on the basis of her female gender.

66. As a direct and proximate result of Defendant's acts and omissions alleged herein, Plaintiff has suffered damages including but not limited to emotional distress and mental anguish.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant District on Count I of the Complaint, for an award of compensatory damages, for her costs expended, reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

## COUNT II
## 42 U.S.C. § 1983—State Created Danger
**(Against All Defendants)**

67. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

68. Because Kansas has chosen to provide a free public education to its children, Plaintiff has a constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69. Plaintiff also has a constitutional right to personal security, bodily integrity, to due process, and to be secure and to be left alone, all protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

70. Defendant District, and all individually named defendants, acting both in their capacity as agents of the District and individually at all times referenced in this Complaint, were acting under the color of state law.

71. At the time of their actions alleged herein, Defendant District and Individual Defendants Stufflebeam and Dike knew or should have known that sexual harassment and/or sex discrimination existed within the Lansing Unified School District.

72. As such, at the time of their actions as alleged herein, and particularly when Defendants, upon information and belief, failed to appropriately address, investigate, and/or remedy the prior incidents of sexual harassment by Defendant Baker of minor female students, Defendants had actual and/or constructive knowledge of ongoing discriminatory and/or harassing treatment by Defendant Baker, who was under Defendant District, Stufflebeam, and Dike's custody and control, and that the harassment was depriving Plaintiff of her right to an education, her right to bodily integrity, and her right to personal security.

73. At the time of their actions as alleged herein, upon information and belief, the District and Defendants Stufflebeam and Dike knew Defendant Baker was engaged in misconduct and unwanted sexual harassment directed toward female students, and it was readily foreseeable that such sex discrimination/harassment would continue into the future and result in the deprivation of Plaintiff's Constitutional rights to a public education, to personal security, to bodily integrity, and to be secure and left alone.

74. Defendant District and the individually named Defendants enhanced the danger to Plaintiff and rendered her more vulnerable to the deprivation of her rights to an education, to personal security, to bodily integrity, and to be secure and left alone through numerous affirmative acts, including but not limited to:

11

  a. Affirmatively continuing to allow Defendant Baker access to minor female students, despite Plaintiff and other female students' complaints of sexual harassment;

  b. Only placing Defendant Baker on paid suspended leave for a short period of time;

  c. Assigning A.J. to Defendant Baker's homeroom class, despite her previous complaints of sexual harassment in his class; and/or

  d. Affirmatively committing other acts and omissions as yet undiscovered by Plaintiffs but which Plaintiff expects she will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

75. Defendant District and the individually named defendants committed these affirmative acts with a deliberate indifference to, and reckless and willful disregard for, Plaintiff's constitutional rights. These affirmative acts increased the danger to Plaintiff and led to her injuries in that they:

  a. Left Plaintiff A.J. at the mercy of Defendant Baker;

  b. Encouraged further and ongoing sexual harassment by sending the message to Defendant Baker that the school tacitly approved of his unwanted sexual comments toward with female students and would not interfere in any way; and

  c. Caused, increased, and accelerated Plaintiff's emotional distress and despair.

76. These affirmative acts by Defendant District and all named defendants, taken as a whole and in the context of known abuse in the District, increased the danger to Plaintiff and amount to egregious and outrageous behavior.

77. Plaintiff has incurred emotional distress and mental anguish as a direct and proximate cause of Defendants' actions.

78. By reason of the foregoing, Plaintiff has been damaged and is entitled to fair and reasonable compensation.

79. Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Plaintiff and others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor on Count II of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, her attorneys' fees, and for such equitable and further relief as this Court deems just and proper.

## COUNT III
### Denial of Substantive Due Process through Policy, Custom and Practice of Failing to Respond to or Prevent Discrimination and Harassment
### (42 U.S.C. § 1983)
### (Against Defendant District)

80. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

81. Upon information and belief, the District had actual and/or constructive notice of the consistent pattern of unwanted sexual comments by Defendant Baker with female students and consequently, discriminatory and harassing conduct directed toward female students, being committed by Defendant Baker, while he was an employee within the Lansing Unified School District.

82. By rejecting and refusing to follow its applicable written policies and refusing to intervene to prevent or stop Defendant Baker's continuing pattern of discriminatory and harassing misconduct toward Plaintiff and other students who were victims of the Defendant Baker's ongoing discrimination and harassment, Defendant District encouraged and participated

13

in that conduct and demonstrated a deliberate indifference to and/or tacit approval of the offensive acts.

83. By rejecting and refusing to follow its applicable written policies, and refusing to intervene to prevent or stop Defendant Baker's continuing pattern of discriminatory and harassing misconduct toward Plaintiff and other female students on the basis of their sex, the District chose to engage in an official policy of inaction.

84. The District's custom and practice of inaction was a moving force and direct link to the abuse of Plaintiff.

85. The District was aware of Defendant Baker's pattern of discriminatory, harassing, abusive conduct toward female students, had the ability to control the situation and instead chose to do nothing to stop it and prevent the sexual harassment of Plaintiff.

86. Plaintiff has suffered physical pain, emotional distress, and mental anguish as a direct and proximate result of Defendants' actions.

87. Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Plaintiff and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant on Count III of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for her attorneys' fees and for such other equitable and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on Counts I through III alleged herein.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: */s/ Jessica M. McDowell*

Anne Schiavone, KS # 19669
Jessica M. McDowell, D. Kan #78731
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: jmcdowell@hslawllc.com

ATTORNEYS FOR PLAINTIFF