IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| S.C., as Parent and Next Friend of A.J., a Minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-2228-DDC ) |
| LANSING UNIFIED SCHOOL DISTRICT #469, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

The plaintiff, S.C., brings this Title IX and Section 1983 action against the Lansing Unified School District #469 ("the District"), Dr. Darrel Stufflebeam, Steve Dike, and Jacob Baker arising from alleged sexually harassing comments from defendant Baker. The District, Dr. Stufflebeam, and Mr. Dike (collectively, "District defendants") have filed a motion to stay discovery (ECF No. 18) pending a ruling on their joint motion for judgment on the pleadings (ECF No. 23) by the presiding U.S. District Judge, Daniel D. Crabtree. The District defendants' request for stay is premised on Dr. Stufflebeam and Mr. Dike's assertion of qualified immunity.[1] Plaintiff opposes the motion to stay, arguing she's entitled to "limited discovery into the issues raised by the defendants'

---

[1] Defendant Baker has also filed a motion for judgment on the pleadings asserting qualified immunity (ECF No. 25) and joins the District defendants' motion to stay. *See* ECF No. 20.

1

motions for judgment on the pleadings."[2] For the reasons set forth below, the motion to stay is granted.

"The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials 'a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.'"[3] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[4] To be sure, there are limited occasions in which "narrowly tailored" discovery may be permitted if necessary to enable a district court to decide a qualified-immunity question raised by a motion,[5] but this is not one of those occasions.

Here, the individual defendants assert their qualified-immunity defenses in motions for judgment on the pleadings, not motions for summary judgment.[6] Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same standard as a

---

[2] ECF No. 27 at 1.

[3] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[4] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

[5] *Id.* at 1149.

[6] "Summary Judgment is the 'typical vehicle' for asserting a qualified immunity defense, but the Court will also review it on a motion to dismiss." *Bradley v. United States*, No. 16-1435-EFM, 2017 WL 4310224, at *3 (D. Kan. Sept. 28, 2017) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

Rule 12(b)(6) motion to dismiss.[7] Generally, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[8] In that regard, the "limited discovery" plaintiff seeks will not assist her in addressing the individual defendants' qualified immunity defenses, at least not at this stage.[9] Because evidence will not assist plaintiff in the context of the pending motions for judgment on the pleadings, staying discovery in light of the qualified-immunity assertions is appropriate.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' motion to stay discovery (ECF No. 18) is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3. Should the case survive the pending motions for judgment on the pleadings, counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 21 days of the ruling on the motion.

Dated August 15, 2018, at Kansas City, Kansas.

---

[7] *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[9] *See Bradley*, 2017 WL 4310224, at *3 ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge