IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.C., as Parent and Next Friend of A.J., a Minor,

        Plaintiff,

v.

LANSING UNIFIED SCHOOL
DISTRICT #469, et al.,

        Defendants.

Case No. 18-2228-DDC-JPO

## MEMORANDUM AND ORDER

Federal procedure generally requires parties to file pleadings that "name all the parties," Fed. R. Civ. P. 10(a), but plaintiff has filed this lawsuit under her initials, "S.C." Doc. 1. So, on November 21, 2018, the court ordered plaintiff to show cause why the court should allow her to proceed using her initials, rather than her full name. Doc. 38. Plaintiff has filed a Response to the Show Cause Order. Doc. 41. For the reasons explained below, the court concludes plaintiff may proceed using her initials in this case.

I.     Facts

For the present Order, the court provides just a brief summary. S.C. is the mother of A.J., a minor student at Lansing High School. S.C. alleges that defendant Jacob Baker, A.J.'s chemistry teacher, made several sexually harassing comments to A.J. in class during the fall 2017 semester. S.C. also alleges that Mr. Baker has harassed at least four other female students before A.J. On A.J.'s behalf, S.C. filed a Complaint naming the following four as defendants: Lansing Unified School District #469 ("the District"); Mr. Baker; Darrel Stufflebeam, superintendent for the District; and Steve Dike, principal of Lansing High School. S.C.'s

Complaint asserts three claims: (1) a Title IX claim against the District; (2) a 42 U.S.C. § 1983 substantive due process claim against all defendants; and, (3) a 42 U.S.C. § 1983 official policy or custom claim against the District.

## II. Legal Standard

Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure. *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017). Courts recognize a general right for the public to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). After all, the public is funding the court. The court should exercise "informed discretion" and weigh the interests of the public, which are presumptively paramount, against those advanced by parties. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (citations omitted). When a court grants a party permission to proceed under a pseudonym, it often requires the party to disclose its real name to the defendant and the court. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

But, narrowly defined permissible exceptions to this rule exist. They apply when the requesting party shows that the need for anonymity outweighs the presumption favoring open court proceedings. Exceptional circumstances apply if the case involves (1) matters of a highly sensitive and personal nature, (2) real danger of physical harm, or (3) where the disclosure would cause the party to sustain the injury that the litigation seeks to avert. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (citation omitted).

**III. Discussion**

The first exceptional circumstance—matters of a highly sensitive and personal nature—applies here. The Complaint seeks damages for discrimination against a minor in violation of Title IX and § 1983. Courts grant heightened protection to child victims and have concluded that complaints involving abuse or harassment of minors may be highly sensitive and personal in nature. *See U.S.D. No. 237*, 2017 WL 3839416, at *11; *see also J.B. v. Liberal Sch. Dist., USD No. 480*, No. 06-2359-MLB, 2006 U.S. Dist. LEXIS 67622, at *5 (D. Kan. Sept. 20, 2006).

Here, A.J.'s mother exceeds the age of majority, and thus, has more limited privacy interests. *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) (citations omitted). But, A.J. and her mother share common privacy interests based on their relationship to one another. *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016). In effect, ordering disclosure of S.C.'s identity would place personally identifiable and confidential information about the alleged harassment of A.J., a minor, by her adult teacher in the public record. *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018). And so, disclosure of S.C.'s identity would affect A.J.'s privacy interests directly.

On balance, the court finds these circumstances outweigh the public interest in disclosure of S.C.'s name. Nor does the court find defendants will suffer prejudice—plaintiff alleges A.J.'s harassment has been reported to district administrators by S.C. So, defendants likely know S.C.'s identity. The court thus concludes that plaintiff may proceed using initials. She has demonstrated good cause why this case involves matters of a highly sensitive and personal nature that outweigh the public interest in disclosure. And defendants have not shown that they will sustain prejudice.

**IV.     Conclusion**

For the reasons explained above, the court concludes plaintiff may proceed using her initials in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has shown good cause and may proceed using her initials in this case.

**IT IS SO ORDERED.**

**Dated this 22nd day of March, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
