# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

S.C., as Parent and Next Friend
of A.J., a Minor,

    Plaintiff,

v.

LANSING UNIFIED SCHOOL
DISTRICT #469, et al.,

    Defendants.

Case No. 18-2228-DDC-JPO

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff S.C. and defendant Jacob Baker's Joint Motion for Approval of Settlement Agreement Between Minor A.J. and Defendant Baker (Doc. 39). For reasons explained below, the court sets a hearing on the parties' Motion.

Plaintiff asserted just one claim against defendant Jacob Baker, a claim under 42 U.S.C. § 1983. *See* Doc. 1 at 10–13. Plaintiff thus invoked a federal statute as the basis for subject matter jurisdiction under 28 U.S.C. § 1331. Had plaintiff invoked diversity of citizenship as the basis for subject matter jurisdiction, the court would have applied state substantive law to evaluate the settlement agreement on minor A.J.'s behalf. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (first citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495–97 (1941); then citing *N.Y. Life Ins. Co. v. K N Energy, Inc.*, 80 F.3d 405, 409 (10th Cir. 1996)). But, when the court exercises federal question jurisdiction, the law is not quite so clear.

Neither the Tenth Circuit nor our court has addressed this question directly. So, the court has considered the approach used by other federal courts. Some have applied state law to

evaluate a minor's putative settlement in federal question cases.  *See, e.g.*, *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667–69 (E.D. Pa. 2000) (citing *Reo v. U.S. Postal Serv.*, 98 F.3d 73 (3d Cir. 1996)).  *Nice* reasoned that § 1983 doesn't provide a "rule of decision" whether the court should review "a minor's compromise of a civil rights claim."  *Id.* at 669.  States typically have developed the law controlling family matters.  *Id.*  So, *Nice* concluded, federal courts should use those state law principles to evaluate a minor's putative settlement.  *Id.*

The court finds this reasoning persuasive and thus predicts that the Tenth Circuit would adopt it.  Here, plaintiff resides in Kansas, and the facts alleged to support her federal claim allegedly occurred in Kansas.  Therefore, the court applies Kansas law and adopts its rule that a court must conduct a hearing before approving a settlement.  *See Adkins v. TFI Family Servs., Inc.*, No. 13-2579-DDC-GLR, 2017 WL 4338269, at *3–4 (D. Kan. Sept. 29, 2017).

The court sets this case for hearing on **April 16, 2019, at 1:30 p.m. in Courtroom 440** of the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion for Approval of Settlement Agreement Between Minor A.J. and Defendant Baker (Doc. 39) is set for hearing on **April 16, 2019, at 1:30 p.m. in Courtroom 440** of the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas.

**IT IS SO ORDERED.**

**Dated this 9th day of April, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
