IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.C., as Parent and Next Friend
of A.J., a Minor,

    Plaintiff,

v.

LANSING UNIFIED SCHOOL
DISTRICT #469, et al.,

    Defendants.

Case No. 18-2228-DDC-JPO

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff S.C. and defendant Jacob Baker's Joint Motion for Approval of Settlement Agreement Between Minor A.J. and Defendant Baker (Doc. 39). The court applied Kansas substantive law to evaluate the settlement agreement on minor A.J.'s behalf and held a hearing on the parties' Motion on April 16, 2019. *See* Doc. 49. For reasons explained below, the court grants the parties' Joint Motion to approve their settlement agreement on the minor litigant's behalf.

**I.    Background**

The Complaint (Doc. 1) asserted just one claim against defendant Baker—a claim under 42 U.S.C. § 1983. *See* Doc. 1 at 10–13. On December 3, 2018, the parties reported that they had negotiated a settlement and mutual release resolving that claim. Doc. 40 at 1. Their agreement, which they have attached to their papers in support of their Joint Motion, stipulates that plaintiff will release "any and all claims that are now or could have been asserted" against defendant Baker in this suit. Doc. 40-3 at 2. Plaintiff's release applies to any claims that minor litigant A.J. may bring, or be able to bring, once she reaches the age of majority. In exchange, defendant

Baker will release "any claim he may have to recover attorney's fees and costs" from plaintiff. *Id.* The parties also have attached to their briefing Affidavits from S.C. and A.J. The Affidavits assert that S.C. and A.J. understand the settlement agreement and its consequences. *See* Docs. 40-1, 40-2.

## II.     Legal Standard

As it explained in its April 10, 2019, Order setting the parties' motion for hearing (Doc. 49), the court predicts that the Tenth Circuit would apply Kansas law when exercising federal question jurisdiction over a case involving a settlement on a minor's behalf. *See* Doc. 49 at 2 (citing *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667–69 (E.D. Pa. 2000) (citing *Reo v. U.S. Postal Serv.*, 98 F.3d 73 (3d Cir. 1996))). The court thus adopted Kansas's rule that a court must conduct a hearing before approving a settlement. *Id.* (citing *Adkins v. TFI Family Servs., Inc.*, No. 13-2579-DDC-GLR, 2017 WL 4338269, at *3–4 (D. Kan. Sept. 29, 2017)).

Kansas law requires courts "to exercise extensive oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined at a 'friendly' hearing." *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330 (Kan. Ct. App. 2001). Courts "'may not simply rely on the fact that the minor's parents have consented to the proposed agreement. Instead, the court must determine whether the agreement is in the minor's best interests.'" *Id.* (quoting *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 205 (Kan. Ct. App. 1999)). For example, the Kansas Supreme Court upheld a state trial court's approval of a settlement on a minor's behalf because "it engaged in [a] full examination of [the] facts of [the] accident and [the] extent of [the] minor's injuries." *Id.* (citing *Perry v. Umberger*, 65 P.2d 280 (1937)).

**III.    Analysis**

In her affidavit supporting the settlement agreement, S.C. asserts that she believes it is in A.J.'s best interest to "resolve and dismiss with prejudice Count II"—plaintiff's § 1983 claim—against Mr. Baker under the terms of the settlement agreement.  Doc. 40-1 at 3.  S.C. reaffirmed this belief during the April 16, 2019, hearing on the agreement and added that she believes the settlement is fair and reasonable.  At the hearing, S.C. testified that she had discussed the settlement agreement with A.J.  S.C. also testified that she had explained to A.J. that A.J. cannot assert any claims that she brought, or could have brought, against defendant Baker once she reaches the age of majority.  S.C. reported that A.J. agreed with the terms of the settlement agreement.  While A.J. has not yet reached majority age, she is old enough to understand this kind of explanation.

Though A.J. will receive no monetary or other tangible consideration for releasing her claims, her counsel explained that plaintiff and A.J. decided not to pursue the § 1983 claim against defendant Baker because they believed it would prove unsuccessful.  Based on this assessment, plaintiff's counsel reported, they decided that discovery efforts related to the claim against defendant Baker would not be worth the risk of an adverse result.  Plaintiff's counsel asserted that he had explained the settlement agreement to S.C.  And, defendant Baker's counsel explained that he agreed to release Baker's claims to recover discovery and briefing costs he would have incurred had plaintiff chosen to pursue her § 1983 claim against him.

Based on the efforts made by S.C. and, indirectly, by plaintiff's counsel to explain the settlement agreement to A.J., as well as the testimony from S.C. and the parties' counsel at the April 16, 2019, hearing, the court concludes that the settlement agreement satisfies Kansas law governing approval of such agreements.  A.J, through S.C., brought a § 1983 claim that she later

concluded it was inadvisable to pursue.  To avoid the potential burden of discovery and exposure to a claim for pay attorneys' fees, A.J. agreed to the settlement terms after S.C. had explained them to her.  The court finds that the settlement agreement between plaintiff and defendant Baker is in A.J.'s best interest.  The court also concludes that the mutual releases articulated in the settlement agreement are fair and reasonable, given plaintiff's evaluation of her § 1983 claim against defendant Baker.

The court thus grants the parties' Joint Motion for Approval of Settlement Agreement Between Minor A.J. and Defendant Baker (Doc. 39) and approves the agreement the parties have memorialized in Doc. 40-3.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff S.C. and defendant Jacob Baker's Joint Motion for Approval of Settlement Agreement Between Minor A.J. and Defendant Baker (Doc. 39) is granted.

**IT IS SO ORDERED.**

**Dated this 22nd day of April, 2019, at Kansas City, Kansas.**

>  **s/ Daniel D. Crabtree**
>  **Daniel D. Crabtree**
>  **United States District Judge**